UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00080-GNS-LLK

JOHN M.                                                                                                   PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security                                                                DEFENDANT

**ORDER**

This matter is before the Court on Defendant's Objection (DN 15) to the Magistrate Judge's Report and Recommendation (DN 16). For the following reasons, the Magistrate Judge's Report and Recommendation is **ADOPTED**, and Plaintiff's Objection is **OVERRULED**.

**I.      BACKGROUND**

Plaintiff John M. ("Plaintiff") filed a Title II application for disability insurance benefits, and he alleged the existence of a disability from March 14, 2023, due to lumbar spinal fusion, degenerative arthritis, degenerative disc disease, heart issues, an aneurysm, and cervical spine issues. (Admin. R. 222-32, DN 5). His claim was denied initially and again upon reconsideration. (Admin. R. 92, 99). Plaintiff then requested and was granted a hearing with an Administrative Law Judge ("ALJ"). (Admin. R. 18).

During the hearing, Plaintiff was represented by counsel; Tina Stambaugh, an impartial vocation expert, also participated. (Admin. R. 18). After considering the evidence in the record, the ALJ issued a written decision determining that Plaintiff was not under a disability. (Admin. R. 20-28). After Plaintiff's request for review of the ALJ's decision was denied, the ALJ's decision became the final decision of the Commissioner of Social Security. (Admin. R. 1). Plaintiff then filed this *pro se* lawsuit appealing that decision. (Compl. 1-2, DN 1). The matter was then referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). (R. & R. 1, DN 15). The Magistrate Judge filed

1

a Report and Recommendation ("R. & R.") affirming the denial of benefits, and Plaintiff filed a timely objection. (R. & R. 15; Pl.'s Obj. R. & R., DN 16 [hereinafter Pl.'s Obj.]).

## II.     STANDARD OF REVIEW

Upon timely objection to a Magistrate Judge's proposed finding of fact and recommendations for disposition produced under 28 U.S.C. § 636(b)(1), the Court is generally required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). There is an exception to this general rule, however, when an objection "merely incorporates portions of a [party]'s prior motion . . . ." *United States v. Ickes*, No. 1:15-CR-00004-GNS-2, 2017 WL 1017120, at *1 (W.D. Ky. Mar. 15, 2017) (citation omitted). Such an objection does not rise to the level of a "'specific written objection[s] to the proposed findings and recommendations' as required by Rule 72(b)(2)." *Id*. (alteration in original) (citation omitted). "[A] reexamination of the exact same argument that was presented to the magistrate judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Id.* (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). When presented with an objection that only repeats arguments raised to the Magistrate Judge, the Court should review the objection only for clear error. *Id.*; *accord Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (alteration in original) (quoting *Barratt v. Joie*, No. 96CIV0324LTSTHK, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002))). "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Upon review of the administrative decision underlying a Magistrate Judge's report and recommendation, the Court must consider: "(1) 'whether the findings of the ALJ are supported by substantial evidence' and (2) 'whether the ALJ applied the correct legal standards.'" *Chaney v. Kajikazi*, No. 5:21-CV-112-TBR, 2022 WL 3586213, at *2 (W.D. Ky. Aug. 22, 2022) (quoting *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016)). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently and even if substantial evidence also supports the opposite conclusion." *Id.* (internal citations omitted) (quoting *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011)).

### III.  DISCUSSION

In his objection, Plaintiff raises four issues of contention. (Pl.'s Obj. 1-2). The first three issues relate to his ability to occasionally lift 20 lbs., the results of the CT scan conducted by the Veterans Administration, and a lack of any question about his pain from surgery or evidence of strength both pre- and post-procedure. (Pl.'s Obj. 1-2). These issues, however, relate to the decision of the ALJ and his consideration of the evidence, not any purported error by the Magistrate Judge. Therefore, these issues cannot be considered properly raised objections. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [R. & R.] within 14 days after being served with a copy."); *Pearl v. Comm'r of Soc. Sec.*, 394 F. Supp. 3d 762, 766 (E.D. Mich. 2019) "[O]nly those specific objections to the [magistrate judge's] report made to the district court will be preserved for appellate review . . . ." (internal quotation marks omitted) (quoting *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006))).

The other issue raised by Plaintiff relates to "[m]ultiple references were made to my conditions not being connected to a listing in the Blue Book . . . ." (Pl.'s Obj. 2).[1] While Plaintiff has not stated whether this issue relates to the ALJ's decision or the R. & R., it is apparent that Plaintiff is again objecting to the ALJ's decision because of the discussion of impairments in that decision. Because this issue is also not a proper objection to the R. & R., the objection is denied.

Based on the Court's review of the R. & R. for clear error, the R. & R. is well-reasoned and supported by fact and law. Therefore, the R. & R. will be adopted.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Objection (DN 16) is **OVERRULED**, the Magistrate Judge's Report and Recommendation (DN 15) is **ADOPTED**, the Complaint is **DISMISSED**, and judgment is **GRANTED** for the Commissioner. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

September 10, 2025

cc:    counsel of record
       John M., *pro se*

---

[1] The Blue Book is found at 20 C.F.R. Part 404, Subpart P, Appendix 1.

4